UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-23882-GAYLES

PAULLETTA N. HIGGINS,

      Plaintiff,

v.

MIAMI DADE COUNTY, FLORIDA,
et al.,

      Defendants,
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff, Paulletta N. Higgins, appearing *pro se*, filed this action on July 23, 2021, in the United States District Court for the Northern District of Georgia. [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis*. On September 7, 2021, Plaintiff filed an Amended Complaint, [ECF No. 4], and on October 25, 2021, Plaintiff filed a Second Amended Complaint, [ECF No. 9]. On November 3, 2021, the action was transferred to this Court. [ECF No. 10].

Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

In her Second Amended Complaint, Plaintiff appears to allege that she has mental health issues and is being forced to live near and witness the activities of drug users. Plaintiff fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure. Aside from listing Miami-Dade County and the Florida Department of Education as Defendants in the caption of her handwritten complaint, she fails to allege how those Defendants are responsible for her living conditions. Indeed, the Court is unable to discern what claims Plaintiff is attempting to bring in this action and what factual allegations are intended to support each claim against each specific defendant. As a result, this action must be dismissed without prejudice for failure to state a claim.[1] Based thereon, it is

---

1  The Court notes that Plaintiff has brought over a dozen civil actions in this this district. *See e.g. Higgins v. Hamilton County Job and Family Serv. Dept.*, 18-cv-21912-GAYLES (dismissed on May 31, 2018); *Higgins v. WTXL TV, et. al.*, 18-cv-21132-GAYLES (dismissed on March 29, 2018); *Higgins v. Florida Dep't of Children and Families*, 18-cv-21848-MORENO (dismissed on October 16, 2018).

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of November, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE